**In re Michael F. POWE, Debtor.**

**Michael F. Powe, Plaintiff,**

**Theresa Moore Ballard, Intervenor,**

**v.**

**Chrysler Financial Corp., L.L.C., Defendant.**

**Bankruptcy Nos. 98–10935–MAM–13, 98–13377–WSS–13. Adversary No. 99–1121.**

United States Bankruptcy Court, S.D. Alabama.

July 27, 2001.

Steve Olen, Mobile, Alabama, Steven L. Nicholas, Mobile, Alabama, Donald J. Stewart, Mobile, Alabama, for plaintiff.

C. Lee Reeves, Birmingham, Alabama, Rhonda L. Nelson, San Francisco, California, E. Barry Johnson, Birmingham, Alabama, for Chrysler Financial Corp., LLC.

## ORDER DEFINING CLASS CERTIFIED IN CASE

MARGARET A. MAHONEY, Chief Judge.

■ This case is before the Court for entry of an order defining the class certified in this case. The Court has jurisdiction to hear these matters pursuant to 28 U.S.C. §§ 157 and 1334 and the Order of Reference of the District Court. These matters are core proceedings pursuant to 28 U.S.C. § 157(b)(2) and the Court has the authority to enter a final order. For the reasons indicated below, the Court is defining the class as follows:

> All bankruptcy debtors who have filed a Chapter 13 petition on or after January 1, 1994(1) who had proofs of claim filed in their cases by Defendant Chrysler Financial that included attorneys fees in the total amount claimed but which (a) did not disclose postpetition fees at all, or (b) did not disclose them with sufficient specificity; (2) in whose cases Defendant Chrysler Financial did not file a specific application for these fees which was approved by the United States Bankruptcy Court; and (3) in all districts in which Chrysler Credit Corporation has not been sued in a class action suit which pertains to the issues raised in this suit.

The definition above closely follows the plaintiff's definition. Chrysler had requested the Court to substantially narrow the definition of class members and create two subclasses.

■ The Court is not narrowing the definition at this point. If a narrower definition is proved to be appropriate after trial, then the Court will so rule. Since the Court is certifying a class under Fed. R.Bankr.P. 7023(b)(2), there is no notice given at this stage to class members and a change in the definition at a later date will be acceptable. Manual for Complex Litigation (3d) (Federal Judicial Center, ed., 1995), 30.14 ("[G]reater precision is required in (b)(3) actions than in those brought under ... (b)(2)."). The plaintiff is not required to prove his case at the time of the determination of the class. Newberg on Class Actions (3d) § 7.27 p. 7–88. The plaintiff is entitled to try to prove what it has alleged-that Chrysler's

fees violate 11 U.S.C. § 506(b) and/or are unreasonable or a violation of bankruptcy law. Plaintiff is entitled to a class which includes debtors from all states, except where Chrysler is or has been subject to suit on these same issues. If trial proof shows that certain states or districts should be excluded from some or all claims, that amendment will be made after trial. The Court believes it is premature based on affidavits or even case law from one bankruptcy judge and one district judge in one district in Tennessee and one district judge in one district in Kentucky to exclude any districts.

Secondly, the Court disagrees with Chrysler that Ms. Moore and Mr. Powe belong in separate subclasses. The same relief is asked to be afforded to both-a clearing of all records of the trustee and Chrysler of any indication that a debtor or former debtor owes Chrysler any attorneys fee for work performed for it during the bankruptcy of class members, or a determination of what, if any, fee is reasonable. If the determination is that some or all of the sum paid by Ms. Moore was improper, that sum will be ordered paid to her. The payment is incidental to the injunctive and/or declaratory relief she (and others like her) are entitled to receive. There is no conflict between the two plaintiffs and they do not need separate counsel.

THEREFORE, IT IS ORDERED that the class definition for the class of plaintiffs in this case is:

All bankruptcy debtors who have filed a Chapter 13 petition on or after January 1, 1994(1) who had proofs of claim filed in their cases by Defendant Chrysler Financial that included attorneys fees in the total amount claimed but which (a) did not disclose postpetition fees at all, or (b) did not disclose them with sufficient specificity; (2) in whose cases Defendant Chrysler

Financial did not file a specific application for these fees which was approved by the United States Bankruptcy Court; and (3) in all districts in which Chrysler Credit Corporation has not been sued in a class action suit which pertains to the issues raised in this suit.